# UNITED STATES DISTRICT COURT
### District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>TEVIN JEROME GREER | **Amended Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br>*Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)<br><br>Case No. 2:13-cr-00345-JAD-GWF-1<br>USM No. 48485-048<br>Raquel Lazo, AFPD<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)  1-5 in #61 and 1A and 2 in #74  of the term of supervision.

☐ was found in violation of condition(s) count(s) _____  after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1a, 1b (ECF No. 61) | Refrain From Unlawful Use of Controlled Substance | 11/27/2018 |
| 2 (ECF No. 61) | Be Truthful | 02/06/2019 |
| 3 (ECF No. 61) | Maintain Employment | 02/16/2019 |
| 4 (ECF No. 61) | Report Law Enforcement Contact | 02/06/2019 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has not violated condition(s)  all remaining  and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 0342

Defendant's Year of Birth: 1991

City and State of Defendant's Residence:
In Custody

05/06/2019 (date of original) 5/30/2019 (date of amended)
Date of Imposition of Judgment

*[signature]*
Signature of Judge

JENNIFER A. DORSEY, U.S. DISTRICT JUDGE
Name and Title of Judge

5/30/2019
Date

DEFENDANT: TEVIN JEROME GREER
CASE NUMBER: 2:13-cr-00345-JAD-GWF-1

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
| --- | --- | --- |
| 5 (ECF No. 61) | Report Change of Residence or Employment | 02/09/2018 |
| 1a (ECF No. 74) | Residential Reentry Center | 04/11/2019 |
| 2 (ECf No. 74) | Home Confinement with Location Monitoring | 04/19/2019 |

DEFENDANT: TEVIN JEROME GREER
CASE NUMBER: 2:13-cr-00345-JAD-GWF-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

5 MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be designated to FCI Herlong.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 12 p.m. on _____
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: TEVIN JEROME GREER
CASE NUMBER: 2:13-cr-00345-JAD-GWF-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

31 MONTHS

and must comply with the following standard conditions, mandatory conditions, and special conditions:

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

# MANDATORY CONDITIONS OF SUPERVISION

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. You must cooperate in the collection of DNA as directed by the probation officer.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: TEVIN JEROME GREER
CASE NUMBER: 2:13-cr-00345-JAD-GWF-1

## SPECIAL CONDITIONS OF SUPERVISION

**1. Drug Testing** – You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must pay the costs of the testing based on your ability to pay. You must not attempt to obstruct or tamper with the testing methods.

**2. No Gang Affiliation** – You must not communicate, or otherwise interact, with any known gang members, without first obtaining the permission of the probation officer.

**3. No Contact** – You must not communicate, or otherwise interact, with your mother, Norma Greer, and your brother, Gerald "Ty" Greer, either directly or through someone else, without first obtaining the permission of the probation office.

**4. Cognitive Behavioral Treatment** – You must participate in a cognitive behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office. You must pay the costs of the program based on your ability to pay.

**5. Search and Seizure** – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.